COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia

PUBLISHED

COMMONWEALTH OF VIRGINIA

OPINION BY
v.      Record No. 0012-12-4          CHIEF JUDGE WALTER S. FELTON, JR.
OCTOBER 16, 2012

CHARLES LORDELL JEFFERSON, JR.

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellant.

Rebecca Wade, Assistant Public Defender (Office of the Public
Defender, on brief), for appellee.

Pursuant to Code § 19.2-398(C),[1] the Commonwealth appeals an order from the Circuit

Court of Fauquier County ("trial court") sentencing Charles Lordell Jefferson, Jr. ("appellee") to six

years' incarceration for each of six convictions of production of child pornography, first offense, in

violation of Code § 18.2-374.1(C)(1), fifteen years' incarceration for production of child

pornography, second offense, in violation of Code § 18.2-374.1(C)(1), fifty-two years' incarceration

for forcible sodomy, in violation of Code § 18.2-67.1, and two years' incarceration for unlawful

wounding, in violation of Code § 18.2-51. The Commonwealth contends the trial court abused its

discretion by ordering the six-year sentences for each of the six convictions of production of child

pornography, first offense, to run concurrently.

---

[1] Code § 19.2-398(C) provides that "[a] petition for appeal may be taken by the
Commonwealth in a felony case after conviction where the sentence imposed by the circuit court
is contrary to mandatory sentencing or restitution terms required by statute."

## I. BACKGROUND

The facts are not in dispute. On March 11, 2011, from 9:00 p.m. to 9:02 p.m., appellee took six sexually explicit photographs of a thirteen-year-old girl, the daughter of appellee's girlfriend. On April 2, 2011, appellee used his cellular phone to record video of the thirteen-year-old girl performing fellatio on him. During an interview with a law enforcement official, the child victim recounted numerous instances of fellatio and sexual intercourse with appellee. Appellee was twenty-nine years old at the time of these offenses.

A grand jury in Fauquier County indicted appellant for a single charge of production of child pornography, first offense, in violation of Code § 18.2-374.1(C)(1), six charges of production of child pornography, second or subsequent offense, in violation of Code § 18.2-374.1(C)(1), and one charge of forcible sodomy, in violation of Code § 18.2-67.1. Pursuant to a plea agreement, accepted by the trial court, five of the six indictments for production of child pornography, second or subsequent offense, were amended to charge production of child pornography, first offense. Subsequently, appellee pled guilty and was convicted of, *inter alia*, six charges of production of child pornography, first offense, and one count of production of child pornography, second offense, in violation of Code § 18.2-374.1(C)(1). Code § 18.2-374.1(C)(1) provides a mandatory minimum sentence of five years' incarceration for production of child pornography, first offense, and a mandatory minimum sentence of fifteen years' incarceration for production of child pornography, second or subsequent offense, where, as here, the victim was less than fifteen years of age and the accused was at least seven years older than the victim.

At appellee's sentencing hearing, the Commonwealth asserted that, with respect to the six charges of production of child pornography, first offense:

> In this case, the Commonwealth's position is that those sentences must be imposed consecutively, that is, one after the other. There is no authority or discretion to run them concurrently. And the reason for that, really, is that there are certain classes of cases and offenders

for which the Legislature has said, these offenders and/or these offenses committed are so bad and so abhorrent to society that we are going to set a series of mandatory minimums so that we know, as a matter of public policy that if a person does this, there is a guaranteed retribution aspect of this type of factual scenario, and that is what I think has happened here by the array of charges.

The trial court, addressing whether it had discretion to order the mandatory minimum sentences for production of child pornography, first offense, to run concurrently, stated:

In [his] memorandum, [appellee] . . . cited [Code §] 18.2-308.2. And in that particular Code section, for example, which is not involved in this particular case, the mandatory minimum terms of imprisonment prescribed for violations of this section shall be served consecutively with any other sentence. [He] goes on to say if the Legislature intended it to be impermissible under any circumstance to run mandatory minimum sentences concurrently, then such language would be unnecessary, and this [c]ourt agrees. I do not believe that the General Assembly uses language carelessly. I think we have to take that as a given when we construe statutory language, when we try to interpret this -- these statutes. And so when they do use that type of language and it is omitted from the subject statute, then I think the clear implication is that the [c]ourt does have the discretion to run these sentences concurrently if they so choose. There are no cases that say the [c]ourt cannot, not that I am aware of, and I have not had any brought to my attention.

And I did look and I did read the memorandum, so I have to conclude that this [c]ourt does have the discretion to run these sentences concurrently if it so chooses.

Subsequently, pursuant to the five-year mandatory minimum provision of Code § 18.2-374.1(C)(1), the trial court sentenced appellee to six years' imprisonment for each of the six convictions of production of child pornography, first offense. The trial court ordered that each of the six-year sentences run concurrently with one another and consecutively to all other sentences.

II.  ANALYSIS

The Commonwealth contends that, pursuant to this Court's decision in <u>Bullock v. Commonwealth</u>, 48 Va. App. 359, 631 S.E.2d 334 (2006), the trial court abused its discretion by ordering appellee's six mandatory minimum sentences under Code § 18.2-374.1(C)(1) for production of child pornography, first offense, to run concurrently.

- 3 -

"'An issue of statutory interpretation is a pure question of law which we review *de novo*.'"

Booker v. Commonwealth, 60 Va. App. 35, 42, 723 S.E.2d 621, 624 (2012) (quoting Kozmina v.

Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011)).

> "When the language of a statute is unambiguous, we are bound by
> the plain meaning of that language.  Furthermore, we must give
> effect to the legislature's intention as expressed by the language used
> unless a literal interpretation of the language would result in a
> manifest absurdity.  If a statute is subject to more than one
> interpretation, we must apply the interpretation that will carry out the
> legislative intent behind the statute."

Kozmina, 281 Va. at 349-50, 706 S.E.2d at 862 (quoting Conyers v. Martial Arts World of

Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

A.

Code § 18.2-374.1(C)(1) prescribes a mandatory minimum sentence of five years'

imprisonment for a person convicted of production of child pornography, first offense, where, as

here, the child was less than fifteen years of age and the accused was at least seven years older than

the child at the time of the offense.

Code § 18.2-12.1, defining "mandatory minimum," provides, in pertinent part:

> "Mandatory minimum" wherever it appears in this Code means,
> for purposes of imposing punishment upon a person convicted of a
> crime, that the court shall impose the entire term of confinement
> . . . prescribed by law.  The court shall not suspend in full or in part
> any punishment described as mandatory minimum punishment.

By its plain language this statute commands trial courts to impose "the entire term of confinement"

and precludes trial courts from "suspending" any of the punishment.  A suspended sentence,

however, differs conceptually from serving a sentence concurrently.

In Bullock, on which the Commonwealth relies, the trial court convicted the defendant of

one count of use of a firearm in the commission of robbery, first offense, and one count of use of a

- 4 -

firearm in the commission of robbery, second offense, in violation of Code § 18.2-53.1. Bullock, 48 Va. App. at 363-64, 631 S.E.2d at 336. Code § 18.2-53.1 provides, in pertinent part, that:

> Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof *shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction*, and to a *mandatory minimum term of five years for a second or subsequent conviction* under the provisions of this section.

(Emphasis added).

The trial court, concluding that it lacked authority under Code § 18.2-53.1 to set Bullock's sentences on his firearm convictions to run concurrently, ordered that his three- and five-year mandatory minimum sentences run consecutively. Bullock, 48 Va. App. at 362, 631 S.E.2d at 336. Bullock appealed from his convictions, contending, *inter alia*, that the trial court erred by concluding that it lacked discretion under Code § 18.2-53.1 to set his sentences on the firearm convictions to run concurrently. Bullock asserted that "Code § 18.2-53.1 [did] not specifically require that mandatory sentences on multiple use of a firearm convictions run consecutively *with each other*." Id. at 377, 631 S.E.2d at 343.

On appeal, this Court affirmed the judgment of the trial court, holding that:

> Read in conjunction with Code § 18.2-12.1, Code § 18.2-53.1 expressly requires the court to "impose the entire term of confinement" and provides that "[t]he court shall not suspend [the sentence] in full or in part." We construe this language as meaning that the trial court may not set the "mandatory minimum" sentences imposed for multiple convictions *under Code § 18.2-53.1* to run concurrently with each other.

Id. at 377-78, 631 S.E.2d at 343 (emphasis added).

The Commonwealth asserts that Code § 18.2-374.1(C)(1), like Code § 18.2-53.1, does not explicitly require the trial court to set mandatory minimum sentences imposed under that section to run consecutively, yet the Court in Bullock held the trial court had no discretion to set mandatory minimum sentences under Code § 18.2-53.1 to run concurrently. The

Commonwealth asserts that Bullock serves as "'a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (quoting Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996)). Accordingly, the Commonwealth asserts that this Court is bound by the holding in Bullock to conclude that the trial court erred by setting appellee's six mandatory minimum sentences for production of child pornography, first offense, to run concurrently. We disagree.

The Court in Bullock limited its holding to apply only to those instances where a trial court imposes multiple mandatory minimum sentences under Code § 18.2-53.1. Specifically, the Court construed Code §§ 18.2-53.1 and 18.2-12.1 to prohibit the three-year mandatory minimum sentence for a first conviction under Code § 18.2-53.1 to run concurrently with the five-year mandatory minimum sentence for a second or subsequent conviction under Code § 18.2-53.1. The Court did not purport to construe Code § 18.2-12.1 beyond the narrow factual scenario presented on that appeal.

Further distinguishing Bullock from the case at bar is the fact that Code § 18.2-53.1 specifies that the punishment for violating the statute "shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony." Although the legislature did not expressly prohibit a court from running the sentence under Code § 18.2-53.1 with another, separate felony, this language unmistakably evinces a legislative intent to restrict sentences under this statute from running concurrently. Therefore, it is not surprising that the Court in Bullock would conclude that interpreting Code § 18.2-53.1 to permit mandatory minimum sentences imposed under that section to run concurrently "'would subvert the legislative intent expressed [in Code § 18.2-53.1]' and thwart the statute's purpose." Bullock, 48

- 6 -

Va. App. at 378, 631 S.E.2d at 343 (quoting Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002)).

Here, "the Virginia legislature has demonstrated its clear intent that possession of a single photograph [of child pornography] could constitute an offense under Code § 18.2-374.1 and that multiple punishments would result from multiple violations of the statute." Mason v. Commonwealth, 49 Va. App. 39, 48, 636 S.E.2d 480, 484 (2006) (footnote omitted). Consistent with the General Assembly's expressed legislative intent to "attack[] the problem [of child pornography] at its roots and in all its branches," Freeman v. Commonwealth, 223 Va. 301, 308, 288 S.E.2d 461, 464 (1982), the trial court convicted appellee of six discrete counts of production of child pornography, first offense, for taking six sexually explicit photographs of the victim within a two-minute window. Contrary to the Commonwealth's assertion, the trial court followed the clear mandate of Code § 18.2-374.1(C)(1), expressed plainly in the language used by the General Assembly, to impose multiple mandatory minimum sentences for appellee's taking multiple sexually explicit photos of a thirteen-year-old female.

We conclude that this Court's reasoning in Bullock does not serve as "a predicate for application of the doctrine of *stare decisis*" where, as here, the issue presented on appeal is whether the trial court erred by setting six mandatory minimum sentences for production of child pornography, first offense, in violation of Code § 18.2-374.1(C)(1), to run concurrently. Johnson, 252 Va. at 430, 478 S.E.2d at 541.

B.

By its plain language, Code § 18.2-374.1(C)(1) does not prohibit mandatory minimum sentences imposed under that section from running concurrently. Similarly, Code § 18.2-12.1, defining "mandatory minimum," does not require that mandatory minimum sentences run consecutively. Rather, Code § 18.2-12.1 only requires courts to "impose the entire term of

confinement" of a mandatory minimum sentence and prohibits courts from "suspend[ing] in full or in part any punishment described as mandatory minimum punishment." Code § 19.2-308, which delineates the general rule for sentencing in Virginia, provides that "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, *unless expressly ordered by the court*." (Emphasis added). Accordingly, Code § 19.2-308 codifies the principle that "[g]enerally, a sentencing court has discretion . . . to order multiple prison sentences to run concurrently." Moore v. Commonwealth, 27 Va. App. 192, 200, 497 S.E.2d 908, 911 (1998) (case remanded for resentencing where trial court convicted defendant of violating Code § 18.2-308.4(A), which, like Code § 18.2-374.1(C)(1), only prescribed a mandatory minimum sentence, but sentenced defendant pursuant to Code § 18.2-308.4(B), which prescribed a mandatory minimum sentence that explicitly was required to run consecutively with any other sentence). Here, consistent with the language of Code § 19.2-308, the trial court "conclude[d] that [it] [did] have the discretion to run the[] [mandatory minimum] sentences [for production of child pornography, first offense,] concurrently."

If the legislative intent is apparent from the plain language of the statute, this Court will not "add to or subtract from the words used in the statute." Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). Nor will this Court interpret a statute in such a way that it renders statutory language superfluous. Epps v. Commonwealth, 59 Va. App. 71, 80, 717 S.E.2d 151, 155 (2011); see also Zhou v. Zhou, 38 Va. App. 126, 136, 562 S.E.2d 336, 340 (2002) (basic canons of statutory construction proscribe interpreting statutory language in a way that renders other statutory language superfluous). Instead, this Court

> "presume[s] that the legislature chose, with care, the words it use[d]" when it enacts a statute and that "when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere, it must be presumed that the difference in the choice of language was intentional."

Rives v. Commonwealth, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012) (quoting Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011)).

Were this Court to hold that the trial court abused its discretion by setting appellee's six mandatory minimum sentences under Code § 18.2-374.1(C)(1) to run concurrently, that judgment would render superfluous the words the General Assembly used in at least eleven other criminal statutes explicitly requiring that mandatory minimum sentences run consecutively. See, e.g., Code § 18.2-53.1; § 18.2-248; § 18.2-248.01; § 18.2-248.03; § 18.2-248.1; § 18.2-248.5; § 18.2-255.2; § 18.2-270; § 18.2-308.2; § 18.2-308.4; § 53.1-203.

Because this Court construes statutes so as to not render other statutory language superfluous, and because the language used by the General Assembly in Code § 18.2-374.1(C)(1) is clear and unambiguous, we conclude the trial court did not err by ordering appellee's mandatory minimum sentences for production of child pornography, first offense, to run concurrently. Accordingly, we affirm the judgment of the trial court.

Affirmed.