COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Russell and Malveaux
Argued at Lexington, Virginia

MICHAEL SCOTT COFFMAN

                                                    OPINION BY
v.        Record No. 1640-15-3              JUDGE WILLIAM G. PETTY
                                               JANUARY 10, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Dirk B. Padgett (Dirk Padgett Law PLLC, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Michael Scott Coffman was convicted of driving while under the influence in violation of

Code § 18.2-266.  Coffman argues that the trial court erred in admitting into evidence the

certificate of analysis from a blood sample that was obtained by a nurse who was not designated

by an order of the circuit court to withdraw blood; he argues that such prior designation is

required by Code § 18.2-268.5.  For the following reason, we disagree and affirm Coffman's

conviction.

I. BACKGROUND

On January 11, 2015, during the investigation of a one-car accident in Roanoke County,

Coffman was arrested for driving while under the influence.  The arresting officer took Coffman

to LewisGale Regional Hospital because he complained of shoulder pain.  After the arresting

officer informed Coffman of Virginia's implied consent law,[1] Coffman consented to a blood test. A registered nurse at the hospital drew a sample of Coffman's blood.

At trial, Coffman objected to admission into evidence of the certificate of analysis from the blood sample, which showed a blood alcohol content of .208%. He argued that the certificate was not admissible because the registered nurse had not been designated by court order to withdraw blood for purposes of determining alcohol content and that such prior designation was required by Code § 18.2-268.5.[2] The trial court overruled his objection, admitted the certificate of analysis into evidence, and convicted Coffman of driving while under the influence in violation of Code § 18.2-266. Coffman now appeals his conviction, challenging the trial court's decision to admit the certificate of analysis into evidence.

## II. STANDARD OF REVIEW

A trial court's evidentiary ruling is reviewed "under an abuse of discretion standard." Boyce v. Commonwealth, 279 Va. 644, 649, 691 S.E.2d 782, 784 (2010). Furthermore,

> [a] trial court "by definition abuses its discretion when it makes an error of law . . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). To the extent that determinations . . . involve the interpretation of a statute or the common law, such an

---

[1] Code § 18.2-268.2 provides, in part,

> Any person . . . who operates a motor vehicle upon a highway . . . in the Commonwealth shall be deemed . . . to have consented to have samples of his blood . . . taken . . . to determine the alcohol . . . content of his blood, if he is arrested for violation of § 18.2-266 . . . or of a similar ordinance within three hours of the alleged offense.

[2] The Commonwealth stipulated at trial that the registered nurse who withdrew the blood had not been designated by order of the Circuit Court of Roanoke County under the statute.

> interpretation is a question of law reviewed *de novo* on appeal.
> See Woodard v. Commonwealth, 287 Va. 276, 280, 754 S.E.2d
> 309, 311 (2014); Country Vintner, Inc. v. Louis Latour, Inc., 272
> Va. 402, 410, 634 S.E.2d 745, 750 (2006).

Commonwealth v. Greer, 63 Va. App. 561, 568, 760 S.E.2d 132, 135 (2014).

III. ANALYSIS

Code § 18.2-268.5 lists those persons authorized to withdraw blood for purposes of determining the blood alcohol level of a person charged with driving while intoxicated. The statute provides, in relevant part,

> For purposes of this article, only a physician, registered nurse,
> licensed practical nurse, phlebotomist, graduate laboratory
> technician or a technician or nurse designated by order of a circuit
> court acting upon the recommendation of a licensed physician . . .
> shall withdraw blood for the purposes of determining its alcohol
> . . . content.

Code § 18.2-268.5. Coffman argues that by including the word "nurse" in the list of individuals required to be designated by court order, the General Assembly intended for all nurses withdrawing blood to be "designated by order of a circuit court acting upon the recommendation of a licensed physician." We disagree.

> When the language of a statute is unambiguous, we are bound by
> the plain meaning of that language. Furthermore, we must give
> effect to the legislature's intention as expressed by the language
> used unless a literal interpretation of the language would result in a
> manifest absurdity. If a statute is subject to more than one
> interpretation, we must apply the interpretation that will carry out
> the legislative intent behind the statute.

Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). Furthermore, "[w]e consider the statute's text and its structure to determine the legislative objective." Smith v. Doe, 538 U.S. 84, 92 (2003). In doing so, we often employ "intrinsic" aids for interpretation.

- 3 -

> "Intrinsic" aids for interpretation relate to the language of a statute itself. Courts have called intrinsic aids "technical rules of statutory construction," and aids which "arise from the composition and structure of [an] act." . . . These "intrinsic" aids for construction focus attention on a statute's text, and properly reflect the primacy of the legislature's own use of language.

2A Norman J. Singer & Shambie Singer, Sutherland on Statutory Construction § 47.1 (7th rev. ed. 2014) (first alteration in original) (footnote omitted). One such aid is the rule of the last antecedent.

## A. The Rule of the Last Antecedent

The rule of the last antecedent is the "preferred procedure for clarifying whether modifying language is intended to modify all preceding antecedents or only the final one." Newberry Station Homeowners Ass'n v. Bd. of Supervisors of Fairfax Cty., 285 Va. 604, 615 n.4, 740 S.E.2d 548, 554 n.4 (2013). Under the rule of the last antecedent, "qualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 144 (2012). Absent a contrary intent, a qualifying word or phrase should be read as modifying only the last noun or phrase that immediately precedes it, i.e., the last antecedent.[3] Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565-66 (2004). "The last antecedent is the 'last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus, a proviso[4] usually is construed to apply to the provision or clause immediately preceding it."

---

[3] Antecedent means a "preceding thing." Antecedent, Black's Law Dictionary (10th ed. 2014).

[4] A proviso is a "limitation, condition, or stipulation upon whose compliance a legal or formal document's validity or application may depend." Proviso, Black's Law Dictionary (10th ed. 2014).

Id. at 259-60, 590 S.E.2d at 566 (quoting 2A Norman J. Singer, Sutherland on Statutory Construction § 47.33 (6th rev. ed. 2000)).

In Alger, the appellant argued that the phrase in Code § 18.2-308.2,[5] "except in such person's residence or the curtilage thereof," modified antecedents "(a) firearm or (b) stun weapon or taser," thus making it permissible for a convicted felon to possess either a firearm or a stun weapon on her property. Id. at 258, 590 S.E.2d at 565. In rejecting the appellant's argument, the Court applied the rule of the last antecedent and held that the "except clause" modified only the last antecedent, "stun weapon or taser." Id. at 260, 590 S.E.2d at 566. The Court reasoned that "because the General Assembly differentiated between 'firearms' and 'stun weapons or tasers'" by listing them separately, the General Assembly intended the "except clause" to apply only to the last antecedent, "stun weapons or tasers." Id.

Coffman's grammatical interpretation of the statute would require us to conclude that the phrase "designated by order of a circuit court" applies to all of the itemized professionals that precede the phrase. Coffman's reading, however, "disregards—indeed, is precisely contrary to—the grammatical 'rule of the last antecedent.'" Barnhart v. Thomas, 540 U.S. 20, 26 (2003). We conclude that here, as in Alger, application of the rule of the last antecedent expresses the intention of the legislature. Because the General Assembly differentiated between medical professionals by listing them separately, there is nothing to indicate that the General Assembly intended the phrase "designated by order of a circuit court acting upon the recommendation of a licensed physician" to modify anything other than the last antecedent, "technician or nurse." Therefore, we reject Coffman's strained construction of the statute and conclude that the General

---

[5] The 2001 version of Code § 18.2-308.2, in effect at the time Alger was decided, provided, in part, "It shall be unlawful for (i) any person who has been convicted of a felony . . . to . . . possess or transport any (a) firearm or (b) stun weapon or taser . . . except in such person's residence or the curtilage thereof . . . ."

Assembly did not intend to require that a registered nurse be designated by the circuit court in order to withdraw blood for purposes of establishing the blood alcohol content of a person charged with driving while under the influence.[6]

B. THIS COURT'S INTERPRETATION OF CODE § 18.2-268.5 AVOIDS SUPERFLUOUS LANGUAGE

"Of course, as with any canon of statutory interpretation, the rule of the last antecedent 'is not an absolute and can assuredly be overcome by other indicia of meaning.'" Lockhart v. United States, 136 S. Ct. 958, 963 (2016) (quoting Barnhart, 540 U.S. at 26). However, this Court will not "interpret a statute in such a way that it renders [other] statutory language superfluous." Commonwealth v. Jefferson, 60 Va. App. 749, 758, 732 S.E.2d 728, 732 (2012). Rather, "[w]e must . . . assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute." Williams v. Commonwealth, 61 Va. App. 1, 7, 733 S.E.2d 124, 126 (2012) (alterations in original) (quoting Coles v. Commonwealth, 44 Va. App. 549, 558, 605 S.E.2d 784, 788 (2004)). "'Because we assume the legislature carefully chose the words used [in the statute], it is our duty "to give reasonable effect to every word."'" Id. (quoting Coles, 44 Va. App. at 558, 605 S.E.2d at 788).

---

[6] Coffman argues that we must apply the rule of lenity in construing the statute. That rule, however, has application only to penal statutes. Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985) ("Penal statutes are to be strictly construed against the Commonwealth and in favor of a citizen's liberty."). In order for a statute to be construed as penal, it must impose some type of punishment or sanction. See 3 Norman J. Singer & J.D. Shambie Singer, Sutherland on Statutory Construction § 59.1 (7th ed. 2008) ("The word penal connotes some form of punishment imposed on an individual by the authority of the state."); see also Miles v. Commonwealth, 272 Va. 302, 307, 634 S.E.2d 330, 333 (2006) ("Because proceedings under the [Civil Commitment of Sexually Violent Predators Act] may result in a defendant's involuntary confinement, he has a substantial liberty interest at stake. As a result of this liberty interest, we apply the rule of lenity normally applicable to penal statutes to the Act's provisions." (citations omitted)). The statute at issue here implicates no liberty interest and does not impose a punishment or sanction; it simply sets out the procedure for the collection of evidence. As a result, it is not a penal statute and the rule of lenity does not apply.

Coffman's argument that the word "nurse" in the statute refers to all nurses authorized to withdraw blood renders superfluous the specific references to "registered nurse" and "licensed practical nurse" earlier in the statute. It would be unnecessary to mention two specific types of nurses if all nurses were required to be designated by the court. In contrast, construing the phrase, "designated by order of a circuit court acting upon the recommendation of a licensed physician," to modify only the immediately preceding phrase, "technician or nurse," gives individual meaning and effect to every word of the statute.

Furthermore, Coffman's reliance on Code § 54.1-3000 is not only misplaced, it also runs counter to his argument. Code § 54.1-3000 deals with the regulation of the nursing profession. The statute defines six types of nurses by making distinctions based on qualifications, such as certification or licensure. Two of the types of nurses defined in Code § 54.1-3000 are registered nurses and licensed practical nurses. Coffman provides no support for his argument that the General Assembly intended the word "nurse," which is not defined in Code § 54.1-3000, to be a catchall in Code § 18.2-268.5. To the contrary, interpreting the language of Code § 18.2-268.5 to distinguish "registered nurse" and "licensed practical nurse" from "nurse" is consistent with Code § 54.1-3000. Registered nurses and licensed practical nurses are different from other types of nurses mentioned in Code § 54.1-3000 because the former are required to be licensed.

Applying the rule of the last antecedent and giving effect to every word of the statute, we conclude the General Assembly intended to distinguish "registered nurse" and "licensed practical nurse" from other types of nurses who must be "designated by order of a circuit court acting upon the recommendation of a licensed physician."[7]

---

[7] We note that another panel of this Court, in an unpublished opinion, recently came to the same conclusion. Haley v. Commonwealth, No. 1951-15-3, 2016 Va. App. LEXIS 300 (Va. Ct. App. Nov. 8, 2016). The Attorney General has pointed to Haley in support of his argument. While Rule 5A:1(f) provides that unpublished opinions may be cited as informative,

- 7 -

IV. CONCLUSION

Because we find that Code § 18.2-268.5 authorizes properly licensed registered nurses, by virtue of their licensure, to withdraw blood for purposes of establishing the blood alcohol content of a person suspected of driving while under the influence, we affirm the trial court's ruling admitting into evidence the certificate of analysis of Coffman's blood sample.

Affirmed.

---

"unpublished opinions are merely persuasive authority and not binding precedent." Baker v. Commonwealth, 59 Va. App. 146, 153 n.3, 717 S.E.2d 442, 445 n.3 (2011). While we find Haley informative and persuasive, we reach our conclusion without reliance on its holding.