COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Beales and Decker
Argued at Salem, Virginia

BURDIS GENE BARKER, JR.

v.      Record No. 0870-17-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
OCTOBER 23, 2018

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M.D. Turk, Judge

Wade M. McNichols for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Burdis Gene Barker, Jr. ("appellant") appeals his conviction of possession of a firearm by

a person previously convicted of a violent felony, in violation of Code § 18.2-308.2(A).

Following a jury trial in the Circuit Court of Montgomery County ("trial court"), the trial court

sentenced appellant to the statutory minimum sentence of five years' imprisonment in

accordance with the jury's verdict. On appeal, appellant contends the trial court erred by

admitting the orders of conviction for two prior convictions when he was willing to stipulate to

his status as a violent felon. For the following reasons, this Court affirms appellant's conviction.

I. BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing

from that evidence in the light most favorable to the Commonwealth, the prevailing party at

trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence established that on the evening of August 7, 2016, Lieutenant Carson Altizer and Officer Rene Fonseca of the Christiansburg Police Department responded to a complaint of credit card theft at a local convenience store. A customer had reported to the store clerk, Felicity Arthur ("Arthur"), that he discovered his credit card was missing after he had used it at the store. Arthur suspected that appellant had taken the card because he had been in the store earlier that night and had asked her to check the balance on a credit card. He also showed her a holstered firearm on his hip. Arthur and appellant were Facebook friends, and she sent him a message to return to the store.

When appellant returned, the police approached appellant while he was still in the car. Appellant's driver's license was restricted, and the officers requested documentation of the restriction. Having been warned by Arthur about appellant's firearm, they then instructed appellant to get out of the car when he started suspiciously shifting items on the passenger seat. They asked him if he had a weapon. He said he had a pocketknife and put a hand in his pocket. When they asked if they could search him, he objected, turned, and refused to put his hands behind his back. When the officers attempted to conduct the search, a struggle ensued. During the struggle, appellant pulled a firearm and the officers had to wrestle it away from him. After appellant was arrested, a further search of his person found a bullet and holster for the firearm. When the police executed a search warrant for the car appellant was driving, they also found two more handguns.

Appellant had two prior convictions for violent felonies as defined in Code § 17.1-805(C): a 1991 conviction for possession of a concealed weapon by a felon and a 2010 conviction for brandishing a firearm near a school. Before trial, appellant moved to exclude the orders of conviction and details of his prior convictions, but offered to stipulate that he had been convicted of a violent felony for the purposes of Code § 18.2-308.2. The trial court—relying on Glover v. Commonwealth, 3 Va. App. 152, 161, 348 S.E.2d 434, 440 (1986)—denied his motion.

Although the trial court admitted the conviction orders, over the Commonwealth's objection the trial court also instructed the jury that: "Evidence that the defendant was previously convicted of a violent felony is not proof that he possessed a firearm on August 7, 2016, and such evidence may not be considered by you in determining whether the defendant possessed a firearm on August 7, 2016." At the trial, Arthur, Lieutenant Altizer, and Officer Fonseca all testified they saw appellant with the firearm. The jury convicted appellant, and the court imposed the jury's sentence of the statutory minimum, five years' imprisonment. This appeal followed.

## II. STANDARD OF REVIEW

"[A]dmissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Cousins v. Commonwealth, 56 Va. App. 257, 272, 693 S.E.2d 283, 290 (2010) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "Under this deferential standard, a 'trial judge's ruling will not be reversed simply because an appellate court disagrees;' only in those cases where 'reasonable jurists could not differ' has an abuse of discretion occurred." Campos v. Commonwealth, 67 Va. App. 690, 702, 800 S.E.2d 174, 180 (2017) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). "[A] trial court by definition abuses its discretion when it makes an error of law," and the legal conclusions guiding the trial court's discretion are "question[s] of law reviewed *de novo* on appeal." Coffman v. Commonwealth, 67 Va. App. 163, 167, 795 S.E.2d 178, 179 (2017) (quoting Commonwealth v. Greer, 63 Va. App. 561, 568, 760 S.E.2d 132, 135 (2014)).

## III. ANALYSIS

Appellant claims the trial court erred by admitting the conviction orders for his prior convictions when he offered to stipulate that he was a violent felon within the meaning of

Code § 18.2-308.2(A). He argues that the evidence that he had been previously convicted of two weapons offenses was substantially more prejudicial than probative and should have been excluded. Appellant acknowledges that Glover, which the trial court relied on, permitted introduction of the conviction orders. He argues, however, that Glover has been abrogated by the adoption of the Virginia Rules of Evidence, specifically Rule 2:403, and the United States Supreme Court's decision in Old Chief v. United States, 519 U.S. 172, 191 (1997).

The Commonwealth argues that even if this Court were to conclude that Old Chief and the adoption of the Virginia Rules of Evidence abrogated Glover, any error in admitting the conviction orders was harmless.[1] The Commonwealth argues that the evidence of defendant's guilt was overwhelming and that any prejudice to appellant was minimal because the jury was cautioned not to consider his prior convictions as evidence that he possessed a firearm on this occasion.

Even assuming without deciding that it was error to admit the conviction orders, this Court concludes any error was harmless. An appellate court "will not reverse a trial court for evidentiary errors that were harmless to the ultimate result." Carter v. Commonwealth, 293 Va. 537, 544, 800 S.E.2d 498, 502 (2017) (quoting Shifflett v. Commonwealth, 289 Va. 10, 12, 766 S.E.2d 906, 908 (2015)). "In Virginia, non-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Campos, 67 Va. App. at 717, 800 S.E.2d at

---

[1] The Commonwealth also argues this Court's decision in Glover remains binding because the Virginia Rules of Evidence do not modify the common law of evidence and Old Chief is not binding. Because this Court concludes that the error, if any, in introducing the prior convictions orders is harmless, we do not reach this issue. See Commonwealth v. White, 293 Va. 411, 419, 799 S.E.2d 494, 498 (2017) ("As we have often said, '[t]he doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."' In this case, the best and narrowest ground is our conclusion that the alleged trial court error, if error at all, was harmless as a matter of law." (quoting Commonwealth v. Swann, 290 Va. 194, 196, 776 S.E.2d 265, 267 (2015)) (footnote omitted)).

187-88 (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (*en banc*)). "In a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' and whether 'substantial justice has been reached,' a reviewing court must decide whether the alleged error substantially influenced the jury." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (quoting Code § 8.01-678). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Campos, 67 Va. App. at 717, 800 S.E.2d at 188 (quoting Lavinder, 12 Va. App. at 1006, 407 S.E.2d at 911). In this case, the curative instruction given by the trial court rendered any prejudice to the defendant *de minimus* and the evidence of the defendant's guilt was overwhelming.

Over the Commonwealth's objection, the trial court instructed the jury that it could not consider the prior convictions as evidence that the defendant possessed a firearm on August 7, 2016. Essex v. Commonwealth, 18 Va. App. 168, 172, 442 S.E.2d 707, 710 (1994) (noting the prejudice of introducing a defendant's prior convictions "may be alleviated by a jury instruction limiting the purpose for which the evidence is offered"). "Unless the record shows the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given." LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983). Unlike the instruction in Old Chief, which the Supreme Court noted was confusing, 519 U.S. at 176 n.2, the trial court's instruction was clear that the prior convictions were not evidence the defendant possessed a firearm in this instance. Appellant argues he was prejudiced because his prior convictions involved weapons and therefore the jury was more likely to believe he possessed a firearm illegally in this case. He points to nothing in the record to suggest the jury disregarded the cautionary instruction.

- 5 -

In addition, the evidence that appellant possessed the firearm was substantial. The convenience store clerk testified appellant showed her his firearm. The police officers both testified that they had to wrestle the firearm away from appellant. A holster and a bullet for the firearm were found on appellant. Two other firearms were found when police searched the car appellant was driving. There is no substantial contrary evidence in the record suggesting that appellant did not possess a firearm.

## IV. CONCLUSION

In light of the substantial evidence that appellant possessed a firearm, and the minimal prejudice that could have arisen because the judge gave a cautionary instruction, this Court concludes that even if the conviction orders had not been admitted, the verdict would have been the same. Therefore, assuming without deciding it was error to admit the conviction orders in place of appellant's stipulation to his status as a violent felon, any error in doing so was harmless. Thus, this Court affirms appellant's conviction.

Affirmed.