COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Russell
Argued by teleconference

SAMUEL LEON BURGESS

MEMORANDUM OPINION* BY
v.      Record No. 1270-19-1          CHIEF JUDGE MARLA GRAFF DECKER
                                      MAY 26, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Roger A. Whitus, Senior Assistant Public Defender, for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Samuel Leon Burgess appeals his conviction for felony failure to appear in violation of

Code § 19.2-128(B). On appeal, he challenges the sufficiency of the evidence to prove that his

failure to appear on August 6, 2018 was willful. We hold that the appellant's argument that he did

not receive notice of the trial date, if accurate, fails to establish that the evidence was insufficient to

prove the willfulness element of the offense. Consequently, we affirm his conviction on waiver

principles.

I. BACKGROUND[1]

The appellant was arrested for several theft and false pretenses crimes stemming from a

theft of personal property from a private residence. A preliminary hearing was scheduled on the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] When considering a challenge to the sufficiency of the evidence on appeal, this Court
views the evidence, and all inferences reasonably drawn from it, in the light most favorable to
the Commonwealth, the party who prevailed in the trial court. Bowling v. Commonwealth, 51
Va. App. 102, 104 (2007).

charges, and he was released on bond. The appellant was initially present in general district court for his preliminary hearing on April 6, 2018. However, by the time "the case was called, he was nowhere to be found." A show cause order was issued for a felony failure to appear for that date (the April failure to appear).

Subsequently, direct indictments were issued for the theft and false pretenses offenses, as well as for the April failure to appear. Trial was scheduled for August 6, 2018. The appellant was not in court on that date, and he was subsequently indicted for failure to appear for trial (the August failure to appear).

The appellant was tried on February 6, 2019 for the two failure to appear charges.[2] With regard to his April failure to appear, the prosecutor submitted a certified copy of an order dated March 22, 2018 continuing the appellant's preliminary hearing to April 6. The order included the notation that the appellant was present with his attorney at the time of the continuance. The Commonwealth also presented testimony from Detective Benjamin Rivera of the Virginia Beach Police Department that the appellant appeared in court on April 6, 2018, but left before his case was called.[3]

With regard to the appellant's August charge of failure to appear, the prosecutor did not present any documentary evidence establishing that the appellant was aware that August 6, 2018 had been set for trial. The only evidence of any sort pertaining specifically to the August trial date came from Detective Rivera. He testified that the appellant's trial was set for August 6, 2018 and that he was present that day but the appellant was not.

---

[2] The appellant was also tried for and convicted of the theft and false pretenses offenses. Those convictions are not before the Court at this stage of the appeal.

[3] The trial court convicted the appellant for the April failure to appear, but he does not challenge that conviction.

In closing argument relating to the August failure to appear charge, the appellant's counsel noted the lack of any evidence "that [the appellant] was provided notice to be in court that particular day." He asked the court to dismiss the August charge on that basis. The prosecutor asserted that the trial court's record reflected certain relevant facts. The appellant's attorney replied, "That may be in the court's record, but it's not evidence for today's purposes." The prosecutor suggested that the court could "reopen[,] . . . look at its own file[,] and take judicial notice." The court simply responded, "[m]ove along," and made no reference to the request that it take judicial notice. The court found the evidence sufficient to convict the appellant of the offense.

## II. ANALYSIS

The appellant contends that the evidence fails to support his conviction for the August failure to appear because it was insufficient to prove that he "'willfully' failed to appear after receiving proper notice of [the August] court date." He points out that the prosecutor asked the trial court to take judicial notice of its relevant records but that the judge never said he would do so. The appellant suggests that, as a result, the evidence did not establish that he had notice of the trial date or prove that his failure to appear was willful.[4]

---

[4] The Commonwealth asserts that this appeal is barred on two different procedural grounds. First, it notes that the assignment of error challenges the sufficiency of the evidence to prove willfulness, while the appellant argued below only that he did not receive notice of the August trial date. The Commonwealth contends that the appellant failed to preserve this assignment of error for appeal under Rule 5A:18 because notice, although related to willfulness, is not the same thing. Second, the Commonwealth asserts that consideration of the appeal is barred under Rule 5A:20 because his brief includes "no argument" or "illustrative citation" regarding "the necessity and impact of proof of notice." We assume without deciding that the appellant adequately preserved his notice argument in the trial court as required by Rule 5A:18 and that his citations to authority and analysis on brief are sufficient to meet the requirements of Rule 5A:20. See generally McGinnis v. Commonwealth, 296 Va. 489, 501 (2018) (recognizing that "where the ability of the Court to review an issue on appeal is in doubt, . . . 'assum[ing] without deciding' that the issue can be reviewed" sometimes "permits [the Court] to resolve the appeal on the best and narrowest grounds").

Code § 19.2-128(B) provides that "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required [is] guilty of a Class 6 felony." A conviction for violating the statute requires proof that "the defendant was charged with a felony, [was] required to appear before a court, and willfully failed to appear." Chavez v. Commonwealth, 69 Va. App. 149, 156 (2018). "'Willfully,' as used in Code § 19.2-128(B), . . . mean[s] that the act must have been done 'purposely, intentionally, or designedly.'" Williams v. Commonwealth, 57 Va. App. 750, 763 (2011) (quoting Hunter v. Commonwealth, 15 Va. App. 717, 721 (1993) (*en banc*)).

The sufficiency challenge in the assignment of error before the Court is limited to proof of the element of willfulness, specifically notice. Establishing that a defendant received "timely notice" of a hearing date "is but one mechanism for proving willfulness." Chavez, 69 Va. App. at 159-60. Our prior case decisions outline the various ways in which the Commonwealth can prove that a defendant's failure to appear was willful. Id. at 162-63. In addition to actual notice to a defendant combined with his failure to appear, willfulness can be proved "by showing that a defendant purposefully engaged in a course of conduct designed to prevent him from receiving notice to appear." Id. at 162 (citing Hunter, 15 Va. App. at 723). Also, "where a defendant has been given notice of an original appearance date, [he] 'is charged with notice of those dates to which his . . . case is expressly continued when such action is duly recorded in [an] order of the court.'" Id. (quoting Hunter, 15 Va. App. at 722). Further, "if the [defendant's] *attorney* had actual notice of the . . . [court] date, the fact finder may infer from that evidence that the [defendant] also had actual notice of the [court] date." Id. at 162-63 (alterations in original) (emphasis added) (quoting Hunter, 15 Va. App. at 722). This inference flows from the fact that the "attorney-client relationship presumes that attorney and client, as servant and master, will

- 4 -

communicate about all the important stages of the client's upcoming [court proceedings]." Id. at 163 (alteration in original) (quoting Hunter, 15 Va. App. at 722).

In the appellant's case, he waived the right under Rule 5A:18 to challenge the sufficiency of the evidence to prove willfulness in any way other than by notice to him because he did not object *with specificity* on any other basis in the trial court. See, e.g., Bethea v. Commonwealth, 297 Va. 730, 743-44 (2019) (recognizing that a specific contemporaneous objection is required to give both the trial judge and opposing counsel a fair opportunity to prevent error). In fact, he does not contend otherwise on appeal.[5] The appellant's only clearly articulated argument in the trial court was to the lack of "any evidence . . . that [*he*] was provided notice to be in court *that particular day*." (Emphasis added). He argued that absent such proof, the evidence was insufficient to support a conviction for failure to appear for his August trial. The appellant did not specifically challenge "willfulness" or use that word. He challenged only "notice," one way to prove willfulness. He also did not specifically challenge the sufficiency of the evidence to prove any of the other recognized ways in which the Commonwealth might have established willfulness, such as by proof that his attorney was aware of the trial date, proof that he engaged in a course of conduct designed to prevent him from receiving actual notice, or proof that he was advised of an original appearance date from which orders were entered continuing the trial. See Chavez, 69 Va. App. at 162-63; see also Bethea, 297 Va. at 744 (noting that a litigant does not meet the requirements of the contemporaneous objection rule by "put[ting] a different twist on a question that is at odds with the question presented to the trial court" (quoting Commonwealth v. Shifflett, 257 Va. 34, 44 (1999))). Consequently, the appellant's objection did not give the trial

---

[5] The appellant's argument hinges on his claim that the prosecutor asked the trial court to take judicial notice of its relevant records but the judge never said he would do so. The appellant suggests, as a result, that the evidence was insufficient to prove that he had notice of the trial date. On appeal, he does not challenge the sufficiency of the evidence to prove willfulness on any other ground.

court an opportunity to evaluate the sufficiency of the evidence to prove other methods of establishing willfulness.[6]

Finally, because the evidence *may* have been sufficient to prove willfulness under some other theory regarding which the appellant did not preserve an objection or present an appellate challenge, he has failed to establish that the trial court erred by convicting him. See Johnson v. Commonwealth, 45 Va. App. 113, 116-18, 116 n.2 (2005) (holding that where two alternative grounds supported the trial court's ruling, the defendant challenged only one on appeal, and the other provided a "freestanding" legal basis for decision, his failure to challenge the second ground was a waiver of his right to consideration of the appeal (citing United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001))).[7] We therefore do not reach the merits of the appellant's claim.

---

[6] As noted, Rule 5A:18 prevents the appellant from raising any of these other methods as a basis for reversal for the first time on appeal, and he does not attempt to do so. Although Rule 5A:18 has an ends-of-justice exception, the appellant also does not ask this Court to apply it to consider the sufficiency of the evidence to prove willfulness through these other methods, and this Court does not invoke the exception *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761 (2003) (*en banc*), cited with approval in Jones v. Commonwealth, 293 Va. 29, 39 n.5 (2017); see also Brittle v. Commonwealth, 54 Va. App. 505, 517-18 (2009) (holding that to avail oneself of the exception in relation to a sufficiency challenge, an appellant must "point . . . to a particular place in the record that establishes his innocence[,] that is, that he was convicted of a non-offense or that the record *affirmatively establishes* that an element of the offense did not occur" (emphasis added)).

[7] Additional legal principles support this outcome. Cf. Geouge v. Traylor, 68 Va. App. 343, 377-78 (2017) (holding that best and narrowest ground principles supported an affirmance because even if the alleged error, a failure to provide proper notice, had occurred, that fact "would not have changed the circuit court's ultimate decision"); cf. also Griffin v. United States, 502 U.S. 46, 56-60 (1991) (holding that even where the evidence is insufficient on one of two available bases for a conviction, a general verdict remains valid as long as the evidence is sufficient to support the other theory), cited with approval in United States v. Hastings, 134 F.3d 235, 238 (4th Cir. 1998).

## III. CONCLUSION

We hold that the appellant's narrow argument preserved for appeal, that he did not receive notice of the trial date, even if accurate, fails to establish that the evidence was insufficient to prove the willfulness element of the offense in one of several other recognized ways. Consequently, he failed to establish that the evidence was insufficient to prove willfulness, and we affirm his conviction on waiver principles. We remand solely for the correction of a clerical error in the conviction and sentencing orders.[8]

<u>Affirmed and remanded.</u>

---

[8] The conviction and sentencing orders erroneously cite Code § 18.2-128 rather than Code § 19.2-128 as the statute under which the appellant's two convictions for failure to appear were rendered. <u>See</u> Code § 8.01-428(B); <u>Howell v. Commonwealth</u>, 274 Va. 737, 739 n.*, 742 (2007); <u>Atkins v. Commonwealth</u>, 68 Va. App. 1, 10 (2017).