COURT OF APPEALS OF VIRGINIA

Present:   Judges Friedman, Chaney and Raphael
Argued by videoconference


AYANNI GRACE SEAY

                                                    MEMORANDUM OPINION* BY
v.      Record No. 0485-24-4                        JUDGE FRANK K. FRIEDMAN
                                                         JULY 1, 2025
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Richard E. Gardiner, Judge

           (George L. Freeman, IV; The Law Offices of George L. Freeman, IV
           - PLLC, on brief), for appellant.  Appellant submitting on brief.

           Anna M. Hughes, Assistant Attorney General (Jason S. Miyares,
           Attorney General, on brief), for appellee.


        A jury convicted Ayanni Grace Seay of two counts of aggravated sexual battery.  The

Circuit Court of Fairfax County sentenced Seay to four years of incarceration on each count, to

run concurrently, with three years suspended.  On appeal, Seay argues that the trial court erred:

(1) by admitting hearsay testimony regarding statements made to a medical provider and (2) in

denying Seay's motion to set aside the verdict.

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## BACKGROUND[1]

The events leading to Seay's arrest.

This case involves the aggravated sexual battery of N.M., a minor, by Seay, N.M.'s paternal aunt. From 2016 to 2018, when N.M. was six to eight years old, Seay sexually abused her. During N.M.'s visits to her grandmother's (Seay's mother) house, Seay would put her hand under N.M.'s shirt and inside N.M.'s pants. When N.M. was nine years old, she told her mother, Michelle Macbeth, about the abuse; Macbeth reported the allegations to law enforcement. Seay denied the allegations.

Relevant proceedings during the trial.

At Seay's jury trial, Macbeth testified during the Commonwealth's case-in-chief that she observed behavioral changes in N.M. between January 2016 and July 2018. In July 2018, N.M. disclosed to her mother that "[Seay] was touching her inappropriately" and in a "sexual manner." Macbeth reported the disclosure to Child Protective Services.

During cross-examination, defense counsel asked Macbeth whether she had verification of the behavioral changes she had observed in N.M. Macbeth explained that she had met with N.M.'s school about the behavior. Defense counsel then asked, "Did you take [N.M.] to see a doctor, a specialist, a counselor of any sort with regard to these behavioral changes?" Macbeth responded, "Yes." When defense counsel asked whether she had "verification of that," she responded, "Not on hand."

---

[1] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

During re-direct examination, the Commonwealth noted that defense counsel "mentioned whether you took [N.M.] to the doctor[] after she made this disclosure. Do you remember if you took her to the doctor[] or not?" Macbeth testified that she did and said she took N.M. within two days of her disclosure. When asked which doctor N.M. was seeing at the time, Macbeth testified that N.M. "was seeing All Children's Doctors in Ashburn, Virginia."[2]

The Commonwealth then asked Macbeth if looking at "the medical record" would refresh her recollection as to the exact date on which she took N.M. to the doctor and, when she affirmed that it would, showed the document to her. Defense counsel initially objected to this, but almost immediately withdrew the objection. The Commonwealth then asked Macbeth when she took N.M. to "the doctor," to which she responded, "July 11th." Defense counsel objected to this testimony on relevancy grounds, arguing that the question during cross-examination was limited to whether Macbeth had verification of N.M.'s behavioral changes or sought treatment for her "at that time." The Commonwealth responded that the testimony was relevant because defense counsel attempted to impeach Macbeth on the grounds that she coached N.M. and the date she took N.M. to the doctor's office rebutted that impeachment attempt. The Commonwealth also asserted that defense counsel "opened the door" to the evidence by asking whether Macbeth took N.M. to the doctor and, if so, when. The court overruled Seay's relevance objection.

The Commonwealth then proceeded to ask Macbeth, "[s]o, during that doctor's visit, what, if anything, did [N.M.] disclose to medical professionals?" Defense counsel objected, asserting hearsay. In response, the Commonwealth argued that the defense had "opened the door" to the doctor's visit and that the out-of-court statements fell under the hearsay exception for statements made for the purposes of medical diagnosis and treatment. Defense counsel

_____

[2] The circuit court took judicial notice of the fact that there was no practice by that name in Ashburn, Virginia in its opinion letter dated July 17, 2023.

repeated that the testimony was hearsay. The court responded that the Commonwealth was raising the hearsay exception. Defense counsel reiterated that it was hearsay and then renewed the relevance objection, arguing that it was beyond the scope of cross-examination.[3] The circuit court overruled defense counsel's objection.

The Commonwealth then asked Macbeth to "describe what [N.M.] had disclosed to the medical provider[.]" She responded, "That she was touched." The Commonwealth asked whether N.M. had disclosed anything about behavioral changes. Macbeth responded, "[y]es. She said she was afraid to use the bathroom, she was afraid of the dark, she was having a hard time sleeping to the examiner before she examined her."

At trial, N.M. also testified, along with her brother and the detective who investigated the allegations. N.M. verified the abuse. N.M.'s mother had already testified, without objection, that N.M. told her Seay was touching her inappropriately before the doctor visit issue arose. Seay called her mother, N.M.'s grandmother, to testify during her case; Seay also testified on her own behalf and denied ever touching N.M. sexually. The jury found Seay guilty of both counts of aggravated sexual battery.

Seay filed a motion to set aside the verdict, arguing that the court erred by admitting Macbeth's testimony about N.M.'s statements to the medical provider. After a hearing, the court denied Seay's motion. This appeal followed.

---

[3] Seay's assignments of error do not address the "scope of redirect examination" argument or the "open the door" argument. Notably, the trial court, in its opinion, found that defense questions to Macbeth opened the door to the disputed testimony. *See Ferguson v. Stokes*, 287 Va. 446 (2014) (finding that on appellant challenging only two of three independent grounds for trial court's ruling cannot prevail as third ground is unchallenged); *see also Magco of Md. v. Barr*, 262 Va. 1 (2001) (noting when there is an independent basis for the lower court's judgment that is not challenged on appeal, the appellate court will not address the issue).

ANALYSIS

I. Seay's Appellate Arguments as to Macbeth's Doctor's Office Testimony were not
   Properly Preserved Below

On appeal, Seay argues that the trial court erred by overruling her hearsay objection and allowing Macbeth to testify regarding N.M.'s doctor visit and by denying her post-trial motion to set aside the verdict.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Jones v. Commonwealth*, 38 Va. App. 231, 236 (2002) (quoting *Blain v. Commonwealth*, 7 Va. App. 10, 16 (1988)). Additionally, this Court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." *Campos v. Commonwealth*, 67 Va. App. 690, 702 (2017) (quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (2004) (en banc)). "The measure of the burden of proof with respect to factual questions underlying the admissibility of evidence is proof by a preponderance of the evidence." *Id.* (quoting *Witt v. Commonwealth*, 215 Va. 670, 674 (1975)).

Hearsay evidence "'is inadmissible unless it falls within one of the recognized exceptions' to the rule against hearsay." *Atkins v. Commonwealth*, 68 Va. App. 1, 7-8 (2017) (quoting *Robinson v. Commonwealth*, 258 Va. 3, 6 (1999)). The exception relied upon by the Commonwealth, and the trial court, is Rule 2:803(4), which permits:

> [s]tatements made for purposes of medical diagnosis or treatment
> and describing medical history, or past or present symptoms, pain,
> or sensations, or the inception or general character of the cause or
> external source thereof insofar as reasonably pertinent to diagnosis
> or treatment.

Rule 2:803(4) "sets forth three types of statements admissible when reasonably pertinent to diagnosis or treatment: those relating to (1) medical history, (2) past or present sensations, and

(3) inception or general cause of the condition." *Campos*, 67 Va. App. at 712. "A final requirement implicit in Virginia's precedent is that there must be sufficient indicia of the statement's reliability for it to fall within the exception." *Id.* Thus, "for a hearsay statement to be admissible under Virginia Rule 2:803(4), the declarant must make it for purposes of medical diagnosis or treatment, it must fit at least one of the three types of admissible statements and be reasonably pertinent to diagnosis or treatment, and it must be reliable." *Id.*[4]

Seay argues on appeal that "there [was] insufficient evidence that [N.M.] made the statements . . . for purposes of medical treatment." She contends that "there was no context as to whether the statements were solicited by a medical provider," nor was there evidence that "indicated a diagnosis was made and that treatment was ordered." Lastly, Seay asserts that the "reliability of the statement is highly in doubt" because the trial court "took judicial notice that the medical practice . . . does not even exist in Ashburn, Virginia." Seay insists that it was "necessary" for the Commonwealth to establish a foundation to "describe the manner in which the statements came about" for the trial court to determine their reliability.

While these arguments raise legitimate concerns, we cannot reach the merits of Seay's arguments on appeal.[5] Seay did not raise these appellate arguments at trial when the evidence

---

[4] Additionally, Rule 2:805 requires that in circumstances of hearsay within hearsay, for the statement to be admissible, both levels of the hearsay must fall within one of the hearsay exceptions. Rule 2:805; *see also Commonwealth v. Swann*, 290 Va. 194, 198 (2015) ("As this Court has explained, in order for 'double hearsay . . . to be admissible, "both the primary hearsay declaration and each hearsay declaration included within it must conform to a recognized exception to the hearsay rule."'" (alteration in original) (quoting *Riner v. Commonwealth*, 268 Va. 296, 324 (2004))). This principle ensures that the reliability of each statement is independently verified before it is admitted into evidence.

[5] In its order denying the motion to set aside the verdict, the trial court, relying on *Campos v. Commonwealth*, 67 Va. App. 690, ruled that Macbeth's statements were admissible hearsay under the medical diagnosis exception. We uphold the judgment on waiver grounds. We note that the facts in *Campos* are quite distinct from those in this case. There, during the Commonwealth's case, a nurse practitioner testified about what the sexual assault victim told her directly. 67 Va. App. at 698-99. Here, the record is scant with respect to the context within

- 6 -

was introduced. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

When the evidence was introduced, Seay objected on hearsay grounds and relevance. She also objected that the redirect testimony was beyond the scope of cross-examination. At no time during the trial did Seay assert that the hearsay exception—relating to statements to medical providers, relied on by the Commonwealth—did not apply. Nor did she argue that the Commonwealth failed to establish the statements were for diagnosis or treatment. "The purpose of [the] contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" *McDuffie v. Commonwealth*, 49 Va. App. 170, 177 (2006) (quoting *Marlowe v. Commonwealth*, 2 Va. App. 619, 621 (1986)). "To be timely, an objection must be made when the occasion arises—at the time the evidence is offered or the statement made." *Marlowe*, 2 Va. App. at 621. "If a party fails to timely and specifically object, he waives his argument on appeal." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (citing *Arrington v. Commonwealth*, 53 Va. App.

_____

which the statements were made, other than Macbeth's testimony that she took N.M. to a doctor's office on July 11th; the matter is complicated by the fact that the purported "medical practice" does not exist under the name provided by Macbeth and the document used to refresh Macbeth's recollection is not in the record. Furthermore, Macbeth's testimony was about statements she purportedly overheard while N.M. was discussing the sexual assault to someone at the office. In *Campos*, the contested testimony came directly from the medical professional. *Id.*

635, 641 (2009)).  Here, Seay's general hearsay and relevance objections at trial did not preserve her current claims for appellate review.[6]

It was also argued below that the damaging testimony from Macbeth about the contents of N.M.'s purported statements to the medical provider went beyond the scope of cross-examination and that the defense did not open the door to the contents of N.M.'s alleged statements at the doctor's office.  Seay's assignments of error on appeal, however, do not raise these issues and we cannot consider them.  *See, e.g.*, *Maine v. Adams*, 277 Va. 230, 238 (2009) (finding failure to assign error to the specific error of the circuit court results in a waiver, rendering the unappealed ruling the law of the case); *see also* Rule 5:17(c).  Her assignment of error deals with her hearsay objection and the foundational issue of whether the statements were made for purposes of treatment or diagnosis (an argument, again, not raised contemporaneously at trial).  In the absence of assignments of error relating to the scope of the redirect examination and the "open door" argument, these rulings also must stand.

### II. The Trial Court Did Not Err in Denying Seay's Post-Trial Motion to Set Aside the Verdict

Seay moved to set aside the jury verdict.  The trial court rejected Seay's position and denied the motion.

On appeal, we generally review a trial court's refusal to set aside a verdict under a deferential standard.  *See Ferguson Enters., Inc. v. F.H. Furr Plumbing, Heating & Air Conditioning, Inc.*, 297 Va. 539 (2019).  This is based in part on the fact that the circuit court judge presided over the trial, heard the evidence, and viewed the witnesses first-hand.  We note

---

[6] Seay did raise objections to the lack of foundation—the absence of context that the statements were made for medical diagnosis or treatment (or even to a medical professional)—in post-trial motions, but this comes too late where an evidentiary objection is concerned.  Again, Rule 5A:18 requires a contemporaneous objection when the evidence is offered.  *See Marlowe*, 2 Va. App. at 621.

that abundant evidence supported the verdict.  We also observe that the challenged testimony about the touching was cumulative of testimony that had previously been admitted without objection.  *See McLean v. Commonwealth*, 32 Va. App. 200, 211 (2000) (holding that "even if the evidence of the defendant's guilt is not overwhelming," the error is harmless "if the evidence admitted in error was merely cumulative of other, undisputed evidence").  Even if the trial court had agreed with Seay that it had improperly permitted the cumulative doctor's office testimony, the verdict here still would be supported by substantial evidence.  Moreover, contemporaneous objections about: (1) the lack of treatment and diagnosis foundation for Macbeth's doctor's office testimony and (2) the applicability of the hearsay exception in Rule 2:803(4) were never made at trial.  Thus, these grounds were also available to support the trial court's denial of the motion to set aside.  Code § 8.01-680 instructs that we should not reverse a trial court's decision to deny a motion to set aside a verdict unless it is "plainly wrong."  Under the facts of this case, we cannot say the trial court erred in denying the motion to set aside the verdict.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*